IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MONTE LOUIS YOUNG, JR. #A1021508, | CIVIL NO. 07-00270 JMS-KSC |
| Petitioner, | ORDER DISMISSING PETITION |
| vs. | |
| CLAYTON FRANK, STATE OF HAWAII, and HAWAII PAROLING AUTHORITY, | |
| Respondents. | |

### ORDER DISMISSING PETITION

On March 22, 2007, pro se Petitioner Monte Louis Young, Jr. ("Young"), a prisoner incarcerated at Halawa Correctional Facility in Aiea, Hawaii, filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus ("Petition"). For the following reasons, the Petition is DISMISSED without prejudice.

### I. BACKGROUND

On May 21, 1997, the State of Hawaii filed a one-count complaint charging Young with Murder in the Second Degree in violation of Hawaii Revised

Statutes ("H.R.S.") § 707-701.5(1).[1] The complaint alleged that the crime was "especially heinous, atrocious, or cruel" under H.R.S. § 706-657.[2]

On September 10, 1997, Young filed a motion to dismiss the complaint, or in the alternative a motion to strike the enhanced sentencing language. On May 7, 1998, after a jury waived trial, the Circuit Court of the First Circuit State of Hawaii ("Circuit Court"), found Young guilty. On June 16, 1998, the Circuit Court denied Young's motion to dismiss as well as the motion to strike the enhanced sentencing language. On September 15, 1998, the Circuit Court sentenced Young, under H.R.S. § 706-657, to life imprisonment without the possibility of parole. Young appealed.

On appeal, Young argued that the trial court erred in finding him

---

[1] The facts herein are taken from the Petition and *State v. Young*, 93 Haw. 224, 999 P.2d 230 (2000).

[2] H.R.S. § 706-657 states in part:

> The court may sentence a person who has been convicted of murder in the second degree to life imprisonment without the possibility of parole under section 706-656 if the court finds that the murder was especially heinous, atrocious, or cruel, manifesting exceptional depravity or that the person was previously convicted of the offense of murder in the first degree or murder in the second degree in this state or was previously convicted in another jurisdiction of an offense that would constitute murder in the first degree or murder in the second degree in this state.

guilty; that even if the State proved its case against him he should have been convicted of manslaughter, not murder; and that the Circuit Court erred in denying his motion to dismiss and in imposing an enhanced sentence. *State v. Young*, 93 Haw. 224, 999 P.2d 230 (2000).

On May 24, 2000, the Hawaii Supreme Court affirmed Young's conviction, but found that the prosecution did not prove the murder was "especially heinous, atrocious, or cruel." *Id*. As a result, the court vacated his sentence and remanded for re-sentencing without the H.R.S. § 706-657 enhancement. Young was subsequently resentenced to life with the possibility of parole, and the Hawaii Paroling Authority ("HPA") set his minimum term of incarceration at 100 years.[3]

On June 18, 2001, Young filed a petition for post-conviction relief under Hawaii Rules of Penal Procedure Rule 40 in the Circuit Court. Pet. at 4. Young claimed that the 100 year mandatory minimum term was illegal under the state statute, violated his due process rights, and constituted cruel and unusual punishment. After a hearing, the Circuit Court denied Young's petition on September 5, 2002. *Id*. Young filed an appeal in the Hawaii Supreme Court. *Id*.

---

[3] Although the HPA set Young's minimum term at 100 years, he may petition for a reduction of his sentence pursuant to Hawaii Administrative Rules § 23-700-27 (1992). *See Young v. State*, 111 Haw. 16, 136 P.3d 904 (2006).

at 7. On June 14, 2006, the Hawaii Supreme Court affirmed the Circuit Court.

On April 2, 2007, Young filed a second petition for post-conviction relief in the Circuit Court. *Id*. at 13. Young raised two grounds for relief: (1) the HPA violated his due process rights when it failed to consider him for parole; and (2) Young's attorney provided ineffective assistance of counsel for his first Rule 40 petition. *Id*. Young's petition is currently pending in the Circuit Court.

On May 22, 2007, Young initiated this habeas action. Young raises one ground for relief -- that the HPA violated his due process rights when it set a mandatory minimum term of 100 years.

## II.  LEGAL STANDARD

A district court may entertain a petition for writ of habeas corpus on behalf of a prisoner "in custody under or by color of the authority of the United States or is committed before some court thereof" or "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *see Rose v. Hodges*, 423 U.S. 19, 21 (1975). The district court may dismiss a habeas petition summarily "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983).

### III.  DISCUSSION

At the time Young filed the instant federal habeas action he had a petition for post-conviction relief pending before a Hawaii state court; on April 2, 2007, Young filed a second petition for post-conviction relief in the Circuit Court in S.P.P. No. 07-1-011.

The exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in state court.  *See* 28 U.S.C. § 2254(b)-(c); *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).  If a post-conviction challenge to a criminal conviction is pending in state court, a potential federal habeas petitioner must await the outcome of the challenge before his state remedies are considered exhausted.  *Sherwood*, 716 F.2d at 634.  Moreover, because the outcome of a pending state court challenge may moot the federal petition, the rule in *Sherwood* applies whether or not the issue raised in the pending state petition is included in the federal petition.[4]  *Id*.

As Young has a petition currently pending in state court, the instant

---

[4] The Ninth Circuit recognizes an exception to Sherwood: when excessive delay in obtaining a state court appeal constitutes a due process violation, a prisoner is not required to fully exhaust his state remedies "if the root of his complaint is his inability to do."  *Coe v. Thurman*, 922 F.2d 528, 530 (1991).  Here, the *Sherwood* exception does not apply.  Young does not argue that the state court violated his due process rights by delaying his appeal.  Instead, Young claims that the HPA violated his due process rights when it set his minimum term of incarceration at 100 years.

Petition is DISMISSED without prejudice to refiling once all state court post-conviction challenges to Young's conviction have been completed and all claims Young wishes to raise in federal court have been exhausted under 28 U.S.C. § 2254(b)-(c). *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).[5]

## IV. **CONCLUSION**

Based on the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is DISMISSED without prejudice to refiling once all state court post-conviction challenges to Young's conviction have been completed

\\\

\\\

\\\

\\\

---

[5] 28 U.S.C. § 2244(d)(2) provides in pertinent part:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Thus, the one-year period of limitations applicable to the instant application for a writ of habeas corpus is tolled during the pendency of Young's state petition for post-conviction relief in S.P.P. 07-1-011, so long as the state petition was properly filed.

and all claims Young wishes to raise in federal court have been exhausted under

28 U.S.C. § 2254(b)-(c).  The Clerk shall close the file.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, June 6, 2007.



        /s/ J. Michael Seabright
        J. Michael Seabright
        United States District Judge

*Young v. Frank*, Civ. No. 07-00270 JMS-BMK; Order Dismissing Petition; hmg\Habeas 07\Young 07-270 (dsm pdg st prc)